**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GEORGE SIEPEL; PHYLLIS SIEPEL; H. CRAIG WILLIAMS; ELINOR TAMA WILLIAMS; CONSTANCE ELAINE WILLIAMS; DONNA N. REINKE; ROBERT COHEN; CARL M. PAGE; and all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>BANK OF AMERICA, N.A.; COLUMBIA FUNDS SERIES TRUST f/k/a NATIONS FUNDS TRUST; and BANK OF AMERICA CORPORATION,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:05-CV-2393 (RWS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF AMERICA CORPORATION'S MOTION TO DISMISS OR, ALTERNATIVELY, <u>MOTION FOR A MORE DEFINITE STATEMENT</u>**

Edward Dowd, Jr., Esq.
Jeffrey S. Russell, Esq.
Darci Madden, Esq.
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO  63102
Telephone:  314.259.2000
Facsimile:   314.259.2020

Gregory B. Jordan, Esq.
Mary J. Hackett, Esq.
Christopher J. Soller, Esq.
Sharon L. Rusnak, Esq.
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  412.288.3131
Facsimile:   412.288.3063

Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GEORGE SIEPEL; PHYLLIS SIEPEL; H. CRAIG WILLIAMS; ELINOR TAMA WILLIAMS; CONSTANCE ELAINE WILLIAMS; DONNA N. REINKE; ROBERT COHEN; CARL M. PAGE; and all others similarly situated, ) ) ) ) ) ) ) ) |  |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 4:05-CV-2393 (RWS) |
| BANK OF AMERICA, N.A.; COLUMBIA FUNDS SERIES TRUST f/k/a NATIONS FUNDS TRUST; and BANK OF AMERICA CORPORATION, ) ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF AMERICA CORPORATION'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

Defendants Bank of America, N.A. (the "Bank") and Bank of America Corporation ("BAC") respectfully move this Court for an order declining jurisdiction and dismissing the Complaint because: (i) Plaintiffs and their attorneys have engaged in impermissible judge shopping; and (ii) Plaintiffs and their attorneys have violated the first-filed rule. Alternatively, Defendants respectfully request that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court dismiss the Complaint because: (i) Plaintiffs' claims are preempted by federal law and should be dismissed pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"); (ii) the Bank's act of investing in Nations Funds mutual funds ("Nations Funds"), which forms the basis for Plaintiffs' claims, was proper under state law and Plaintiffs' trust, estate, and IRA instruments and, therefore, cannot serve as the basis for Plaintiffs' claims as a matter of law; and (iii) Plaintiff Cohen failed to comply with the mandatory arbitration provision in his IRA instrument. Alternatively, Defendants respectfully requests that, pursuant to Federal

Rule of Civil Procedure 12(e), the Court order Plaintiffs to file an Amended Complaint to plead their allegations of excessive and unlawful fees and charges with greater specificity.

In support of this Motion, Defendants state as follows:

1. On December 28, 2005, Plaintiffs George and Phyllis Siepel, J. Craig Williams, Elinor Tama Williams, Constance Elaine Williams, Donna N. Reinke, Robert Cohen, and Carl Page filed a Complaint against the Bank and BAC captioned *Siepel, et al. v. Bank of America, et al.,* United States District Court for the Eastern District of Missouri, No. 05-CV-02393. Styled as a putative class action, Plaintiffs' claims arise from being beneficiaries of certain trusts, an estate, and an IRA for which the Bank serves as trustee. Plaintiffs allege claims for breach of contract, breach of fiduciary duty and unjust enrichment, and those claims are based on the Bank's investment of the assets of the trusts, estate, and IRA in Nations Funds. These allegations are made despite the fact that the Bank's actions were permissible under state law and Plaintiffs' trust, estate, and IRA instruments. The putative class that Plaintiffs seek to certify is comprised of Bank customers that were beneficiaries of financial assets that were invested in Nations Funds.

2. Plaintiffs and their attorneys contend that the Complaint asserts the same claims and seeks to certify the same class as five other cases filed by Plaintiffs' attorneys: *Williams, et al. v. Bank of America, et al.*, In the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida, No. CA 02-15454, *Arnold v. Bank of America,* United States District Court for the Central District of California, No. LACV-03-7997, *Kutten, et al. v. Bank of America, NA, et al.*, United States District Court for the Eastern District of Missouri, No. 4:04-CV-00244, *Barnhart, et al. v. Bank of America, NA, et al.,* United States District Court for the Eastern District of Missouri, No. 04-CV-1150, and *Reinke, et al. v. Bank of America, NA, et al.,* United State District Court for the Eastern District of Missouri, No. 4:04-CV-01758. By filing these six cases, voluntarily dismissing them in order to avoid Court imposed deadlines and unfavorable ruling, and reasserting those dismissed claims in other cases, Plaintiffs and their

attorneys have engaged in impermissible judge shopping. Therefore, the Court should exercise its authority to decline jurisdiction over this case and dismiss the Complaint.

3. Plaintiffs and their attorneys filed the Complaint in this case despite the fact that another case, *Kutten, et al. v. Bank of America, NA, et al.*, United States District Court for the Eastern District of Missouri, No. 4:04-CV-00244, is already pending in this Court and, according to Plaintiffs and their attorneys, asserts the same claims and seeks to represent the same putative class as this case. By filing this case with *Kutten* pending, Plaintiffs and their attorneys have violated the first-filed rule. Accordingly, the Court should decline jurisdiction over this case.

4. Plaintiffs' Complaint alleges (a) a "covered class action" under SLUSA, (b) that is founded on state law, (c) that asserts core allegations of misrepresentation and omission, (d) and was made in connection with the purchase of Nations Funds, a covered security under SLUSA. Consequently, Plaintiffs' claims are preempted by federal law and should be dismissed under SLUSA and pursuant to Federal Rule of Civil Procedure 12(b)(6).

5. Each of Plaintiffs' claims for breach of fiduciary duty, breach of contract, and unjust enrichment is predicated on the faulty contention that the Bank's investment of the trust, estate, and IRA assets for which Plaintiffs serve as beneficiaries was improper. Because the Bank's actions were expressly authorized by state law and the terms of Plaintiffs' trust, estate, and IRA instruments, that conduct was proper as a matter of law and cannot form the basis for Plaintiffs' claims. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted and their claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

6. Plaintiff Cohen's IRA with the Bank, which forms the basis for his claims in this case, contains an arbitration provision contractually requiring him to submit all claims regarding his IRA to mandatory arbitration. Plaintiff Cohen failed to submit his claims in this case to mandatory arbitration; therefore, he has failed to state a claim upon which relief can be granted and his claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

7. The Complaint makes numerous allegations of alleged excessive and unlawful fees and charges imposed on Plaintiffs by Defendants, but fails to allege sufficient facts to put Defendants on notice such that they can meaningfully respond to these vague allegations. Accordingly, pursuant to Federal Rule of Civil Procedure 12(e), Plaintiffs should be ordered to file an Amended Complaint that asserts these allegations with more specificity.

8. A supporting Memorandum of Law accompanies this Motion.

WHEREFORE, for the reasons set forth in this Motion and the accompanying Memorandum of Law, Defendants respectfully request that the Court decline jurisdiction and dismiss the Complaint; or, in the alternative, the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); or, in the alternative, the Court order Plaintiffs to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 12(e) to plead their allegations of excessive and unlawful fees and charges with greater specificity.

DATED:  March 27, 2006

        Respectfully submitted:
BRYAN CAVE LLP

By:    /s/ Edward Dowd, Jr.
Edward Dowd, Jr.
Jeffrey S. Russell
Darci Madden
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO  63102
Telephone: 314.259.2000
Facsimile:  314.259.2020

Gregory B. Jordan
Mary J. Hackett
Christopher J. Soller
Sharon L. Rusnak
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile:  412.288.3063

Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 27th day of March, 2006 upon the following counsel of record by the Court's electronic filing system:

Steven M. Hamburg, Esq.
Holly M. McIntyre, Esq.
8909 Ladue Road
St. Louis, MO  63124

Richard D. Greenfield, Esq.
Greenfield & Goodman LLC
7426 Tour Drive
Easton, MD  21601

Amy Boomhouwer, Esq.
Gancedo & Nieves LLP
144 W. Colorado Boulevard
Pasadena, CA  91105

/s/ Edward Dowd, Jr.
Counsel for Defendants Bank of America,
N.A. and Bank of America Corporation