### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

IN RE MUTUAL FUNDS       )     MDL-1586
INVESTMENT LITIGATION     )
                           )     Case No. 04-md-15862
        Bank of America sub-track   )
                           )
_____ )

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF
THE MOTION TO DISMISS THE DERIVATIVE COMPLAINT AND THE
CLASS ACTION COMPLAINT IN THE BANK OF AMERICA SUB-TRACK**



594 F.2d 388, 394 (4th Cir. 1979).  There are no allegations that the trustees were aware of the

Canary or TranSierra relationship with BACAP, much less that they participated in such

relationship.  Plaintiffs cannot simply rely on the "aggregation of the defendants without

specifically alleging which defendant was responsible for which act."  In re Cryomedical

Sciences, 884 F. Supp. at 1020 (citing Juntti, 993 F.2d at 228).[13]

**POINT VII**

**THE FEDERAL CLAIMS OF PLAINTIFF GRIFFITH AND THE "FIDUCIARY SUB-CLASS" SHOULD BE DISMISSED FOR LACK OF STANDING**

Plaintiff D.M. Griffith purports to be the beneficiary of a trust for which BANA

allegedly acted as trustee and which allegedly was invested at various times in various Nations

funds.  Class Compl. ¶ 13.  Griffith purports to assert claims under Sections 11 and 12(a)(2) of

the Securities Act and Section 10(b) of the Exchange Act on behalf of herself and a class of

similarly situated trust beneficiaries.  See, e.g., id. ¶¶ 37, 140, 149, 166, 176.  Griffith is not, and

was not, a Nations funds shareholder.  Notwithstanding Griffith's attempts in the Class

Complaint to imply that she purchased Nations funds herself, see id. ¶ 13, her certification

reveals the reality:  "Bank of America, N.A. purchased on multiple occasions varying amounts of

the shares of [Nations funds]."  Griffith Cert. ¶ 4.  Because they are neither purchasers nor

owners of the mutual fund shares, neither Griffith nor the putative members of her sub-class have

standing to assert claims under the federal securities laws.  See 15 U.S.C. § 77k(a); 15 U.S.C.

§ 77l(2); see also In re Storage Tech. Corp. Sec. Litig., 630 F. Supp. 1072, 1078 (D. Col. 1986);

---

[13]     There appears to be a disagreement among the district courts in this Circuit on the application of the "culpable participation" requirement on a motion to dismiss.  See In re Royal Ahold, 351 F. Supp. 2d at 408.

Greater Iowa Corp. v. McLendon, 378 F.2d 783, 789 (8th Cir. 1967); O'Brien v. Continental Ill. Nat'l Bank, 593 F.2d 54, 60 (7th Cir. 1979).

## POINT VIII

### PLAINTIFFS LACK STANDING FOR CLASS CLAIMS

Class plaintiffs claim to have owned shares in seven Nations funds that they allege to have been market-timed. Class Compl. ¶¶ 6, 11-13. Yet plaintiffs purport to bring a claim for damages to fifteen funds that were allegedly timed and another forty-one funds that were not timed. Id. ¶¶ 1, 6. Class plaintiffs' claims should be dismissed to the extent that they seek damages on behalf of any funds in which they do not own shares or any funds that they do not allege to have been market-timed. See Fund Class Omnibus Brief at 7-11.[14]

## POINT IX

### VENUE IS IMPROPER IN SOME OF THE UNDERLYING CASES

The Nations funds cases were brought in multiple jurisdictions, including California, New Jersey, Colorado, and Texas, some of which have little or no connection to the parties and witnesses. The defendants reserve the right to move to dismiss or transfer these cases on the grounds of improper venue, when and if this MDL proceeding terminates. See Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404.

---

[14]    While the four Nations LifeGoal Portfolios invest in other Nations funds, Class Compl. ¶ 129, none of the plaintiffs alleges ownership in any LifeGoal Portfolio. Id. ¶¶ 11-13 & plaintiff certifications.

19

## CONCLUSION

For the reasons discussed herein and in the omnibus briefs, the Complaints must be dismissed in their entirety.

Respectfully submitted,

WACHTELL, LIPTON, ROSEN & KATZ

By:   /s/  Stephen R. DiPrima
        Stephen R. DiPrima
        Martin J.E. Arms
        Michael S. Winograd

51 West 52nd Street
New York, New York  10019
(212) 403-1000 (phone)
(212) 403-2000 (facsimile)

James D. Mathias
David Clarke, Jr.
Strider L. Dickson
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland  21209
(410) 580-3000 (phone)
(410) 580-3001 (facsimile)

*Attorneys for the Bank of America Corporation, Bank of America, N.A., Banc of America Capital Management, LLC, BACAP Distributors, LLC and Banc of America Securities, LLC*

20

Stephen Colangelo
Laurie Hand
MORRISON & FOERSTER, LLP
1650 Tysons Blvd., Suite 300
McLean, Virginia  22102
(703) 760-7700 (phone)
(703) 760-7777 (facsimile)

*Attorneys for the Nations Funds Trust,*
  *James B. Sommers and Thomas S. Word, Jr.*

Tariq Mundiya
Eilish Cahalan
WILLKIE FARR & GALLAGHER, LLP
787 Seventh Avenue
New York, New York  10019
(212) 728-8000 (phone)
(212) 728-8111 (facsimile)

*Attorneys for William P. Carmichael, William H. Grigg,*
  *Thomas F. Keller, Carl E. Mundy, Jr., Cornelius J. Pings,*
  *Charles B. Walker and Edmund L. Benson, III*

March 7, 2005

21