UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GEORGE SIEPEL, *et al.*

    Plaintiffs,

v.

BANK OF AMERICA, N.A., *et al.*

    Defendants.

Civil Action No. 04:05-CV-02393 (PAM)

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT COLUMBIA FUNDS SERIES TRUST'S
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

Defendant Columbia Funds Series Trust, f/k/a Nations Funds Trust ("Nations"), submits this Reply Memorandum In Further Support of Its Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

**INTRODUCTION**

Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pls.' Opposition"), does not address, and in fact completely ignores, almost all of Nations' arguments. First, plaintiffs do not even attempt to demonstrate that Nations is subject to the personal jurisdiction of this Court. Second, plaintiffs also do not address the fact that Nations neither owed them a fiduciary duty, nor provided "substantial assistance" to any alleged breach of fiduciary duty by others. Third, recognizing that their federal securities claims are baseless,

plaintiffs now disavow those claims and request leave to file a futile Second Amended Complaint.[1] By failing to address Nations' arguments, plaintiffs have conceded these points.

Plaintiffs address only one of Nations' arguments and in doing so, erroneously misstate recent Supreme Court case law in a weak attempt to avoid preemption of their breach of fiduciary duty claim by the Securities Litigation Uniform Standards Act ("SLUSA"). Recognizing the deficiencies in their securities claims, plaintiffs have requested leave to file a Second Amended Complaint deleting them and pretending that their claims do not relate to misrepresentations that coincide with the sale of securities. As discussed more fully in Nations' response to that motion, plaintiffs' Proposed Second Amended Complaint fails to cure the legal deficiencies in the Amended Complaint: Nations is not subject to personal jurisdiction in Missouri; owes plaintiffs no fiduciary duty; and did not provide "substantial assistance" to Bank of America (the "Bank") in its alleged breach of fiduciary duty.

## I. NATIONS IS NOT SUBJECT TO THIS COURT'S PERSONAL JURISDICTION

Plaintiffs did not even respond to Nations' argument that it is not subject to this Court's personal jurisdiction. The jurisdictional argument is straightforward: This Court lacks general personal jurisdiction over Nations because Nations transacts no business in Missouri, and further, the Court lacks specific long-arm jurisdiction over Nations because the plaintiffs' claims do not arise from acts that would subject Nations to jurisdiction in Missouri. *See* Nations' Opening Mem. at pp. 6-9.

---

[1] Inexplicably, plaintiffs state that their federal securities claims are "withdrawn ***without prejudice***" leaving the door open for them to reassert these claims at their leisure. Having failed to address Nations' arguments, however, plaintiffs' federal claims should be dismissed ***with*** prejudice.

2

When a court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), the burden is on the plaintiff to, at the very least, make a *prima facie* showing of jurisdiction. *Moog World Trade Corp. v. Bancomer, S.A.*, 90 F.3d 1382 (8th Cir. 1996) (dismissing action because plaintiff failed to meet burden of proving personal jurisdiction). In this case, plaintiffs make no effort to meet their burden. Plaintiffs' Opposition completely ignores Nations' personal jurisdiction argument. Therefore, the Court should dismiss all claims against Nations because plaintiffs have conceded that Nations is not subject to general or specific personal jurisdiction in Missouri. *See Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("If the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

## II.    NATIONS OWES PLAINTIFFS NO FIDUCIARY DUTY AND DID NOT AID AND ABET THE BANK'S ALLEGED BREACH OF FIDUCIARY DUTY

It is fundamental to a claim for breach of fiduciary duty that there first must be such a duty. To establish a fiduciary duty, plaintiffs initially must point to facts or circumstances that formed a relationship of trust and confidence between them and Nations. Nations' Original Mem. at pp. 15-16. The Amended Complaint is devoid of any such facts or circumstances. Rather than confront the inconvenient truth that Nations owes plaintiffs no fiduciary obligation, plaintiffs' Opposition completely ignores Nations' argument. In fact, plaintiffs erroneously claim that Nations did not raise the issue, Opposition at p. 30, when Nations explicitly included this point in its original memorandum. Nations' Original Mem. at pp. 15-17. Plaintiffs had no fiduciary relationship with Nations; therefore, they cannot establish the breach of a nonexistent duty.

3

Similarly, to state a claim against Nations for aiding and abetting the Bank's alleged breach of its fiduciary duty, plaintiffs must establish that Nations had knowledge of the alleged underlying breach of fiduciary duty by the Bank and provided "substantial assistance" in the breach. Nations' Original Mem. at pp. 17-19. The Amended Complaint fails to allege how Nations provided "substantial assistance" in the Bank's alleged breach of its fiduciary duty to plaintiffs, or even that Nations knew of the alleged breach. *Id.* Once again, plaintiffs' Opposition does not even address this argument.

By failing to rebut Nations' arguments, plaintiffs have conceded that (1) Nations did not owe them a fiduciary duty, and (2) did not aid and abet the Bank in its alleged breach of fiduciary duty. The Court therefore should dismiss Plaintiffs' breach of fiduciary duty claims against Nations.

### III. PLAINTIFFS' STATE LAW BREACH OF FIDUCIARY DUTY CLAIMS ARE PREEMPTED BY SLUSA

#### A. Plaintiffs Mischaracterize and Ignore SLUSA Precedent

In a desperate attempt to escape SLUSA preemption, plaintiffs mischaracterize their claims and misstate two recent Supreme Court cases in a specious attempt to distinguish their claims from a federal district court case following that binding precedent. SLUSA preempts a class action based on state law alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." Nations' Opening Mem. at p. 20, citing 15 U.S.C. § 78bb(f)(1)(A).

In *Zandford*, the Supreme Court expansively interpreted the phrase "in connection with" and held that this language is to be construed "not technically and restrictively, but flexibly to effectuate its remedial purpose." *SEC v. Zandford*, 535 U.S. 813, 819 (2002). Relying on *Zandford*, the Supreme Court recently held that even claims by non-purchasers, such as the

4

plaintiffs here, which "coincide" with the purchase or sale of a security are preempted by SLUSA. *Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Dabit*, No. 04-1371, 547 U.S. __, 2006 U.S. LEXIS 2497, at *12-13 (Mar. 21, 2006).

In their Opposition, plaintiffs attempt to limit the reach of the Supreme Court's decision in *Dabit* to "holders," and argue that because they are not direct purchasers or holders, SLUSA cannot preempt their claims. Pls.' Opposition at p. 8. Such a limitation ignores *Zandford* and is inconsistent with the plain language of the Supreme Court's opinions. In reaching its decision, the *Dabit* Court clearly stated: "Under our precedents, it is enough that the fraud alleged 'coincide' with a securities transaction whether by the plaintiff or someone else." *Dabit*, 2006 U.S. LEXIS 2497, at *12-13, *citing SEC v. Zandford*, 535 U.S. 813, 819 (2002) (emphasis added). The Court went on to hold, therefore, that "[f]or purposes of SLUSA preemption the identity of the plaintiffs does not determine whether the complaint alleges fraud 'in connection with the purchase or sale' of securities." *Dabit*, 2006 U.S. LEXIS 2497, at *33. In essence, the *Dabit* Court found that SLUSA preempts a claim made by any plaintiff, including but not limited to a holder, which coincides with a securities transaction.

The Court in *Spencer v. Wachovia Bank, N.A.*, Case No. 05-81016 (S.D. Fla. May 10, 2006), followed the binding precedent set forth in *Zandford* and *Dabit* in finding SLUSA preemption. The *Spencer* Court held that SLUSA preempted the plaintiffs' state law breach of fiduciary duty claim because it found that a bank's investment of fiduciary account assets in affiliated mutual funds coincided with the purchase of a security. Recognizing *Spencer's* damage to their claim, plaintiffs characterize the *Spencer* Court's rationale as "suspect" but fail to elaborate on why this Court should not follow it, other than broadly stating that "the authority

5

cited therein is not precedent for this case." The binding precedent of the Supreme Court, however, cannot be ignored.

### B. SLUSA Would Preempt Plaintiffs' Proposed Second Amended Complaint

Plaintiffs' Opposition concedes their state law claims allege misrepresentations and omissions but also maintains that those allegations are only "ancillary" to their breach of fiduciary duty claim in an attempt to avoid SLUSA preemption. Pls.' Opposition at p. 8. However, plaintiffs' claims rest entirely on alleged misrepresentations and omissions and therefore, are in fact preempted by SLUSA. *See* Nations' Original Mem. at pp. 10-14.

Plaintiffs have proffered a "Proposed Second Amended Complaint" that attempts to disguise their misrepresentations and omission allegations by simply rephrasing them as a failure to disclose. For example, the Proposed Second Amended Complaint states, "at no time has the Bank distributed to plaintiffs any statement fully and completely disclosing the wrongdoing described below including, *inter alia*, its conflicts of interest associated with the use of Nations Funds in its fiduciary accounts." Proposed Second Am. Compl. at ¶ 9(d); *see also* ¶¶ 19, 20, 26(a), 39, 40, 41, 48(c), 48(d), 49.50, and 51. Changing the wording of their allegations does nothing to change that fact that those allegations are grounded on alleged misrepresentations and omissions and are central, not "ancillary," to their claims. Where, as here, plaintiffs make a transparent attempt to dress up a securities fraud claim in state law clothing, the claims are preempted and SLUSA requires dismissal.

### C. Plaintiffs Are Limited to Bringing Individual Claims in State Court

Although SLUSA preemption prevents plaintiffs from bringing these claims as a class, it does not foreclose them from bringing individual state law claims in state court. *See Dabit*, 2006 U.S. LEXIS 2497, at *30 (recognizing that SLUSA prevents plaintiffs from bringing designated

6

claims as class actions but "does not deny any individual plaintiff, or indeed a group of fewer than 50 plaintiffs, the right to enforce any state law cause of action that may exist.") In this case, plaintiffs bring their claims on their own behalf and on behalf of the class of alleged similarly situated persons, but they have no basis for subject matter jurisdiction in this Court on their individual claims.

## CONCLUSION

For the reasons set forth herein, the Court should dismiss, with prejudice, plaintiffs' claims against Nations.

Dated: August 14, 2006

Respectfully submitted,

COLUMBIA FUNDS TRUST F/K/A NATIONS FUNDS TRUST
By Counsel

By: /s/ Barry A. Short
    Barry A. Short
    LEWIS, RICE & FINGERSH, L.C
    500 North Broadway, Suite 2000
    St. Louis, MO 63102
    Telephone: (314) 444-7601
    Facsimile: (314) 612-7601

    Stephen M. Colangelo
    John A. Trocki III
    Tim A. O'Brien
    MORRISON & FOERSTER LLP
    2000 Pennsylvania Avenue, N.W.
    Suite 5500
    Washington, D.C. 20006
    Telephone: 202) 887-1500
    Facsimile: (202) 887-0763

    *Attorneys for Defendant Columbia Funds Series Trust f/k/a Nations Funds Trust*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 14th day of August, 2006 upon the following counsel of record Via the Court's Electronic Filing System:

> Steven M. Hamburg, Esq.
> Holly M. McIntyre, Esq.
> Summers Compton Wells & Hamburg, P.C.
> 8909 Ladue Road
> St. Louis, MO 63124
>
>
> Richard D. Greenfield, Esq.
> Greenfield & Goodman LLC
> 7426 Tour Drive
> Easton, MD 21601
>
>
> Mary J. Hackett
> Reed Smith LLP
> 435 Sixth Avenue
> Pittsburgh, PA 15219

/s/    Barry A. Short

August 14, 2006