UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

George Siepel et al.,                                                                 Civil No. 05-2393 (PAM)

                Plaintiffs,

v.                                                                                                **ORDER**

Bank of America, N.A. et al.,

                Defendants.

---

This matter is before the Court on several motions filed subsequent to the Court dismissing this action on December 27, 2006. The motions essentially raise two issues: whether the Court should vacate an award of attorneys' fees and costs under Federal Rule of Civil Procedure 41(d) and whether the Court erroneously dismissed the Amended Complaint.

For the reasons that follow, the Court vacates the portion of the December 27, 2006 Order that ordered the Williams Plaintiffs to pay Defendant Bank of America, N.A. for attorneys' fees and costs incurred in their underlying state action, and defers that determination to the Florida state court. However, the Court sustains the dismissal of the Amended Complaint.

**A.      Standard of Review**

Relying on Federal Rules of Civil Procedure 59(e) and 60(b)(6), Plaintiffs urge the

Court to modify the December 27, 2006 Order and Judgment.[1]  A district court has broad discretion in determining whether to grant a motion to alter or amend a judgment pursuant to Rule 59(e).  United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citing Innovative Home Health Care v. P.T.O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)).  "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Id. (internal quotations and citations omitted).  Such motions cannot be used to introduce additional evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  Id.

To seek relief under Rule 60(b)(6), Plaintiffs must establish that exceptional circumstances have denied them a full and fair opportunity to litigate their claims.  Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (citing Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 371 (8th Cir. 1994)).  Grounded in equity, Rule 60(b) exists to prevent the judgment from becoming a vehicle of injustice.  Id.

---

[1] Plaintiffs submitted various documents in support of their Motion, including transcripts, affidavits, and declarations.  (Docket No. 108.)  A week later, Plaintiffs supplemented their motion with an expert report on the issue of whether Plaintiffs engaged in forum shopping. (Docket No. 110.)  Defendants moved to strike the submissions, arguing that the submission were an improper attempt to re-litigate issues or pad the record for appeal.  Plaintiffs contend that Rule 60(b)(6) permits the submissions.  However, Plaintiffs do not explain how these submissions establish "exceptional circumstances" for relief from the December 27, 2006 ruling.  Their belated attempt to offer additional evidence is unavailing.  The Court therefore strikes the submissions from the record.

**B.      Award of Attorneys' Fees and Costs**

Plaintiffs advance a multitude of reasons why the Court should vacate the award of attorneys' fees and costs. The Court finds only one persuasive. On December 15, 2006, the Florida state court in <u>Williams et al. v. Bank of America et al.</u> determined that Bank of America was entitled to recover attorneys' fees and costs in the state court action pursuant to Florida Statute § 737.627. The state court further ruled that it would hold an evidentiary hearing to determine the appropriate award. Bank of America has requested significantly less in attorneys' fees and costs in the state court proceeding than it requested in its Rule 41(d) motion before this Court.

Plaintiffs contend that they notified the Court of the state court's decision on December 20, 2006—seven days before the Court issued the December 27, 2006 Order. The Court has no record of receiving the letter. However, the Court reviewed a copy of the letter, as well as the state court decision, when it evaluated the instant motions. That review reveals that the state court rendered a decision relating to the attorneys' fees and costs issue before this Court rendered its decision on the same issue. Moreover, the issue relates to fees and costs incurred in defending a state court action. Consequently, the state court is the more appropriate forum to determine the attorneys' fees and cost award.

Bank of America argues that the award under Rule 41(d) is separate and distinct from the award under Florida Statute § 737.627. The Court disagrees. Although Rule 41(d) and § 737.627 provide alternative grounds for recovery, they provide the same relief. Moreover, Bank of America explicitly relied on § 737.627 when arguing that the award under Rule

3

41(d) was justified. If the Bank was to receive an award of fees and costs from both this Court and the Florida state court, it would receive duplicative recovery. Thus, the interests of justice will be served by having the Florida state court determine the attorneys' fees and cost award in the state court action. Accordingly, the Court vacates the portion of the December 27, 2006 order awarding Bank of America attorneys' fees and costs under Rule 41(d).

C.     **Dismissal of Second Amended Complaint**

Plaintiffs argue that the Court erred in finding that the Securities Litigation Uniform Standards Act of 1998 (SLUSA) preempted their state law claims. However, they merely regurgitate the arguments previously advanced. They do not cite any new evidence or change in the law. They essentially contend that the Court mis-interpreted the recent decision of <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit</u>, 126 S. Ct. 1503 (2006). They interpret <u>Dabit</u> as holding that SLUSA preemption applies only to purchasers, sellers, or holders of securities.[2]

The Court disagrees with Plaintiffs' narrow interpretation of <u>Dabit</u>. In <u>Dabit</u>, the United States Supreme Court broadly interpreted SLUSA and held that SLUSA required dismissal of state law class action claims advanced by the plaintiffs, even though the

---

[2] On February 2, 2007, Plaintiffs sought leave to file a supplemental memorandum in support of their Motion to Alter or Amend the December 27, 2006 Order. In doing so, Plaintiffs recognized that filing the supplemental memorandum was "unorthodox," but urged the Court to consider the memorandum, "given the gravity of the matter." The submission is untimely and relies only on pre-<u>Dabit</u> cases. The Court therefore denies leave.

plaintiffs lacked the requisite standing to bring a federal securities claim due to their status as holders (as opposed to purchasers or sellers of securities).  Id. at 1512-15.  The Supreme Court interpreted "in connection with the purchase or sale" as requiring only that the fraud "'coincide' with a securities transaction—whether by the plaintiff or by someone else." Id. at 1513 (quoting United States v. O'Hagan, 521 U.S. 642, 651 (1997)).  It emphasized that "the magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated" and that "federal law, not state law, has long been the principal vehicle for asserting class-action securities fraud claims." Id. at 1509, 1514.  It therefore concluded that the requisite showing for SLUSA preemption is "deception 'in connection with the purchase or sale of any security,' not deception of an identifiable purchaser or seller."  Id. at 1513 (citing O'Hagan, 521 U.S. at 658).

In this case, the gravamen of the Amended Complaint is that Defendants misrepresented and omitted material facts relating to the transfer of assets into Nations Funds. In particular, Plaintiffs allege that Defendants misled fiduciary account beneficiaries about Nations Funds and the fees associated with transferring fiduciary account assets to the mutual funds.  The alleged deception was premised on the purchase of Nations Funds, and Plaintiffs' alleged injury was linked directly to the "forced" purchase of the Nations Funds with fiduciary account assets. Regardless of the framing of the causes of action, the claims hinge on the contention that Plaintiffs were harmed by Defendants' misrepresentations and omissions of material facts regarding the purchase of Nations Funds.  See, e.g., Prof'l Mgmt. Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP, 335 F.3d 800, 803 (8th Cir.

2003); Dudek v. Prudential Sec., Inc., 295 F.3d 875, 879-80; see also Rowinski v. Salomon Smith Barney, Inc., 398 F.3d 294, 304-05 (3d Cir. 2005); Spencer v. Wachovia Bank, N.A., No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006). Because the alleged misrepresentations necessarily occurred in connection with the purchase of Nations Funds, SLUSA preemption applies.

**CONCLUSION**

In the interests of justice, the Court vacates the portion of the December 27, 2006 Order that awarded Bank of America attorneys' fees and costs. However, Plaintiffs have failed to establish any grounds to alter the remainder of the Order. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Permit Registration of Judgment in Other Districts (Docket No. 106) is **DENIED as moot**;

2. Plaintiffs' Motion to Alter or Amend the December 27, 2006 Order (Docket No. 107) is **GRANTED in part** and **DENIED in part**:

   a. The portion of the December 27, 2006 Order awarding attorneys' fees and costs under Federal Rule of Civil Procedure 41(d) is **VACATED**;

   b. All other rulings in the December 27, 2006 Order are **SUSTAINED**;

3. Plaintiffs' Motion to Supplement their Motion to Alter or Amend (Docket No. 110) is **DENIED**;

4. Defendants' Motion to Strike Plaintiffs' Motion to Supplement (Docket No.

       117) is **GRANTED**;

5.    Defendants' Motion to File a Sur-Reply in Opposition to Plaintiffs' Motion to Alter or Amend (Docket No. 122) is **GRANTED**; and

6.    Plaintiffs' Motion to File a Supplemental Memorandum in Support of their Motion to Alter or Amend (Docket No. 123) is **GRANTED**.

Dated: March 1, 2007

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge