# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE SIEPEL; PHYLLIS SIEPEL; H. CRAIG WILLIAMS; ELINOR TAMA WILLIAMS; CONSTANCE ELAINE WILLIAMS; DONNA N. REINKE; ROBERT COHEN; CARL M. PAGE and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA, N.A.; COLUMBIA FUNDS SERIES TRUST f/k/a NATIONS FUNDS TRUST; and BANK OF AMERICA CORPORATION,<br><br>  Defendants. | Case No. 4:05-CV-2393 (PAM) |

| | |
|---|---|
| ELLEN JANE KUTTEN, individually and on behalf of her daughters and MARY ANN ARNOLD and ELSIE MAHLER SCHARFF, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>  Defendants. | Case No. 4:04-CV-244 (PAM) |

| | |
|---|---|
| ELLEN JANE KUTTEN, individually, and on behalf of her daughters and MARY ANN ARNOLD, ELSIE MAHLER SCHARFF, JOHN F. MEDLER, JR., MICHAEL R. MEDLER, and JEFFREY P. MEDLER, on behalf of themselves, and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>　　　　　Defendants. | Case No. 4:06-CV-0937 (PAM) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION FOR INJUNCTION AND OTHER RELIEF

Jeffrey S. Russell
Darci Madden
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: 314.259.2000
Facsimile: 314.259.2020

Mary J. Hackett
Sharon Rusnak
K. Issac deVyver
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063

Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation

# **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PLAINTIFFS' COUNSEL'S FORUM SHOPPING UNDISPUTEDLY CONTINUES DESPITE THE COURT'S ADMONISHMENTS | 1 |
| III. | THIS COURT SHOULD EXERCISE ITS AUTHORITY UNDER THE ALL WRITS ACT AND ITS INHERENT POWERS AND ENTER A PRE-FILING INJUNCTION AND DISQUALIFY PLAINTIFFS' COUNSEL TO STOP THESE VEXATIOUS TACTICS. | 8 |
|  | A. Defendants are Entitled to Injunctive Relief Because the Abusive Conduct is Continuing. | 10 |
|  | B. For Defendants to Receive Complete Relief and Protection, Plaintiffs' Counsel Must be Disqualified. | 12 |
| IV. | CONCLUSION | 14 |

**EXHIBITS**

A   Complaint filed in *Luleff v. Bank of America, N.A.*

B   Email Communication

C   Affidavit of Mary J. Hackett

D   *Williams v. Bank of America, N.A.* Order of April 2008

E   *Williams v. Bank of America, N.A.*, March 24, 2008 Transcript, p. 261, 274

F   *Stoody v. Bank of America, N.A.* Initial Disclosures

G   Complaint filed in *Martinez v. Bank of America, N.A.*

H   Objections of Greenfield & Goodman

I   Amended Complaint filed in *Martinez v. Bank of America, N.A.*

J   Chart comparing the allegations in the *Martinez v. Bank of America, N.A.* Amended Complaint with the allegations in the Proposed Second Amended Complaint in *Siepel v. Bank of America, N.A.*

K   Proposed Second Amended Complaint in *Siepel v. Bank of America, N.A.*

L   *Barnhart v. Bank of America, N.A.* Complaint

**EXHIBITS** *cont.*

M     Chart comparing the allegations in the now dismissed *Barnhart v. Bank of America, N.A.* Amended Complaint with the Amended Complaint filed in *Martinez v. Bank of America, N.A.*

N     *Griffith v. Bank of America, N.A.* Certification

# MEMORANDUM IN SUPPORT OF
# DEFENDANTS' MOTION FOR INJUNCTION AND OTHER RELIEF

## I. INTRODUCTION

At the end of 2006, this Court found in *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 564 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008), that Plaintiffs and their counsel had engaged in forum shopping and denied Plaintiffs' request to amend their class action complaint again. This Court's rulings have not, however, slowed the process. Plaintiffs' counsel have taken their class allegations to a new forum, asserting the same state law class claims arising out of the same alleged scheme against the same defendants on behalf of the same putative class. Indeed, one of the trusts in a newly-filed case was at issue in another class action Plaintiffs' counsel filed (and dismissed) in this Court years ago.

Plaintiffs' counsels' harassing conduct must stop. The serial filing of the same class actions over-and-over again in multiple fora and despite adverse rulings compromises the integrity of the judicial process. The burden and drain on private and public resources is unconscionable. Under these circumstances, federal courts are bestowed with inherent powers to protect their judgments and their jurisdiction and that includes the power to enjoin parties and their counsel from continuing to file the same litigation, without leave of court, and to disqualify counsel. This Court should exercise its inherent powers and enjoin the filing of further litigation against Defendants by Plaintiffs' counsel and disqualify Plaintiffs' counsel from participating in litigation against Defendants.

## II. PLAINTIFFS' COUNSELS' FORUM SHOPPING UNDISPUTEDLY CONTINUES DESPITE THE COURT'S ADMONISHMENTS

This Court has previously identified and exposed Plaintiffs' counsel's forum shopping tactics:

> The record provides ample evidence that Plaintiffs are forum shopping. Plaintiffs' counsel began filing lawsuits against the Bank four years ago seeking to certify a nationwide class to challenge the practices at issue in this litigation. They filed five cases in four states prior to commencing this action. Three were

> voluntarily dismissed just before the class certification deadline. Two were dismissed because the plaintiffs failed to plead the amount-in-controversy requirements. The record shows that Plaintiffs have filed numerous cases, voluntarily dismissed them in order to avoid court-imposed deadlines and unfavorable rulings, and reasserted the dismissed claims in this case.

*Siepel*, 239 F.R.D. at 564. The Court also denied Plaintiffs' request in *Siepel* to file another amended complaint, noting that this Court would not allow Plaintiffs "to shilly-shally in an attempt to avoid dismissal." *Id.* at 571. The Court of Appeals affirmed that ruling. *Siepel v. Bank of America, N.A.*, 526 F.3d 1122, 1127-28 (8th Cir. 2008). Despite these rulings, however, Plaintiffs' counsel's pleading gamesmanship continues.

For example, Plaintiffs' counsel has been responsible for the filing of at least two more carbon copy lawsuits. Defendants have confirmed their suspicion that another case, *Luleff v. Bank of America, N.A.*, Case No. 06-CV-01435 (S.D.N.Y.), was filed at the behest of Plaintiffs' counsel in February, 2006, two months after Judge Shaw dismissed *Reinke v. Bank of America, N.A.*, No. 4:04-CV-1758 (CAS), 2005 WL 3454428 (E.D. Mo. Dec. 16, 2005), and while Defendants motions to dismiss were pending in both *Kutten I* and *Siepel*.[1] Although venued in New York, *Luleff* involved a Missouri beneficiary, a Missouri co-trustee, and a Missouri trust and asserted the same class claims filed many times before in this Court. *See* Exhibit A (*Luleff v. Bank of America, N.A.* Complaint). While Plaintiffs' counsel here did not appear as counsel of record in *Luleff*, Defendants learned that Attorney Hamburg referred Ms. Luleff to Attorney Daniel Cobrinik, counsel of record in *Luleff*. Indeed, in the fall of 2007, Attorney Cobrinik even admitted in a written communication, copying Defendants' counsel, that

---

1   This Court ultimately granted those motions. *Siepel*, 239 F.R.D. at 572, *aff'd* 526 F.3d 1122 (8th Cir. 2008); *see also Kutten v. Bank of America, N.A.*, 530 F.3d 669 (8th Cir. 2008).

he was having difficulty reaching Ms. Luleff and asked Attorney Hamburg to assist him in contacting her. *See* Exhibit B (email communication).[2]

Several months ago, Attorney Hamburg conceded the referral of Ms. Luleff to Attorney Cobrinik (*see* Exhibit C at ¶ 2 (Affidavit of Mary J. Hackett)), and during the fee hearing in Florida, Attorney Greenfield testified that he prompted the filing of *Luleff* and that he has been coaching Ms. Luleff's counsel from behind the scenes.[3] Attorney Greenfield also confirmed that he was the "de facto lead counsel" in all of these cases. *See* Exhibit E (*Williams v. Bank of America, N.A.*, March 24, 2008 Transcript, p. 261, 274).

Following the Court of Appeals' decision in *Siepel,* Plaintiff Luleff and Defendants reached a tentative agreement to resolve the claims on an individual basis and so advised the Court, via ***private*** letter to the Court, on May 23, 2008. *See* Exhibit C at ¶ 3 (Affidavit of Mary J. Hackett). At that point, Defendants believed that this litigation odyssey was coming to an end. Less than ten days after the Court of Appeals affirmed this Court's dismissal decision in *Siepel* and within five days of notifying the judge in *Luleff* of the proposed agreement and before any public disclosure, however, not one but two new actions – the ninth and tenth – were filed on the very same day against Defendants in New York and California: *Martinez v. Bank of America,*

---

[2]  Attorneys Cobrinik and Greenfield were co-counsel in the very first action filed asserting the same claims. *Hughes v. LaSalle Bank, N.A.*, 419 F. Supp. 2d 605 (S.D.N.Y. 2006) (granting motion to dismiss based upon ratification and statute of limitations), *vacated on jurisdictional grounds*, No. 06-3778-CV, 2007 WL 4103680 (2d Cir. Nov. 19, 2007).

[3]  The Florida litigation – *Williams* – is referenced in this Court's *Siepel* opinion, as the first of the cases to be filed. In April, 2008, the court awarded the Bank approximately $1.6 million in fees and costs for defending the *Williams* action. *See* Exhibit D (*Williams v. Bank of America, N.A.* Order).

- 3 -

*N.A.*, No. 08-4964 (S.D.N.Y.), and *Stoody-Broser v. Bank of America, N.A.*, No. 08-2705 (N.D. Cal.).[4]

The *Martinez* Complaint contains the same definitions, putative class, purported common issues and requests for injunctive relief set forth in the more than 20 complaints filed in the eight prior class actions against Defendants. *See* Exhibit G (*Martinez v. Bank of America, N.A.* Complaint).[5] Although Plaintiffs' counsel once again did not enter an appearance in *Martinez* or *Stoody*, after the filings, they called Defendants' counsel asking if Defendants were interested in discussing a class settlement given the continued litigation, thereby confirming their continued role. *See* Exhibit C at ¶ 4 (Affidavit of Mary J. Hackett). And once again, the plaintiff in *Martinez* watched while Defendants moved to dismiss the complaint in *Martinez* and then, in response, he filed an amended complaint. But with this amended pleading, Mr. Greenfield confirmed what Defendants had suspected – he signed on to the pleading confirming his status as counsel.[6] *See* Exhibit I (*Martinez v. Bank of America, N.A.* Amended Complaint).

---

[4] As with *Luleff,* although Plaintiffs' counsel here is not counsel of record in *Stoody*, the circumstances, including the timing of the filing and the repetitive allegations in the complaint, certainly raise suspicion that Plaintiffs' counsel are once again coaching behind the scenes. Further, plaintiff's counsel in *Stoody* is parroting witnesses deposed in *Kutten* - including a Missouri portfolio manager who handled an account at issue in the *Kutten* case. It is inconceivable that counsel for *Stoody* could have learned of these witnesses except via communications with Plaintiffs' counsel herein. *See* Exhibit F *Stoody v. Bank of America, N.A.* Initial Disclosures.

[5] Attorney Brower was counsel of record on the *Martinez* Complaint. He is co-counsel with Attorney Greenfield in yet another case asserted against yet another bank pressing the same class claims. *See Segal v. Fifth Third Bank, N.A.*, No. 07-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008) (granting motion to dismiss amended complaint based upon SLUSA preemption) (appeal pending).

[6] Plaintiffs' counsel's response to discovery also confirmed their role. The Bank asked Plaintiffs' counsel to produce documents reflecting their role in *Martinez* and *Stoody*. Plaintiffs' counsel objected on the grounds that the documents were protected by the attorney-client privilege and work product doctrine and refused to produce the documents or a privilege log. *See* Exhibit H (Objections of Greenfield & Goodman, ¶¶ 3, 6-7).

The Amended Complaint in *Martinez* asserts the very same claims against the same Defendants on behalf of the same class that this Court has dismissed four times before. *See* Exhibit I (*Martinez v. Bank of America, N.A.* Amended Complaint). The Amended Complaint filed in *Martinez* tracks those filed before this Court, including the proposed amendment offered in *Siepel* that this Court denied Plaintiffs leave to file. 239 F.R.D. at 571.[7] A comparison of the Amended Complaint filed in *Martinez* with the proposed Second Amended Complaint in *Siepel* reveals extensive similarities. The language, the allegations, the definitions, the common questions, the causes of action, the requested relief are strikingly similar. *See* Exhibit J (Chart comparing the allegations in the *Martinez v. Bank of America, N.A.* Amended Complaint with the allegations in the Proposed Second Amended Complaint in *Siepel v. Bank of America, N.A.*); *see also* Exhibit I (*Martinez v. Bank of America, N.A.* Amended Complaint); Exhibit K (*Siepel v. Bank of America, N.A.* Proposed Amended Complaint).[8]

There are many other parallels between *Martinez* and the many other cases. Like *Kutten*, and *Luleff*, *Martinez* involves two Missouri trusts governed by Missouri law which were administered for years out of the Bank's Missouri offices. In paragraph 48, the *Martinez* Amended Complaint even quotes a letter from a Bank employee in Missouri who assisted with

---

7   As this Court aptly stated,
> it would be unjust to provide Plaintiffs another attempt to plead their claims. Plaintiffs in this action have filed seven complaints against Defendants, two in this action and five in other actions.

239 F.R.D. at 571.

8   The *Siepel* proposed Second Amended Complaint is substantially longer than the *Martinez* Amended Complaint (because *Siepel* contains extensive repetition of many of the allegations). Except for the allegations as to the OCC and Count I stating a claim under North Carolina law (inexplicably on behalf of Missouri trusts), every pertinent allegation in the *Martinez* Amended Complaint can be found in the *Siepel* proposed Second Amended Complaint. *See* Exhibit J (Chart comparing the allegations in the *Martinez v. Bank of America, N.A.* Amended Complaint with the allegations in the Proposed Second Amended Complaint in *Siepel v. Bank of America, N.A.*).

one of the trusts at issue in *Kutten I and II*, who was deposed in *Kutten I*, and who resides in Missouri. Plaintiffs are clearly teeing up the same facts and documents at issue in *Kutten I, II* and *Siepel*. Without question, Missouri is the proper forum to hear *Martinez*, which has no connection to New York. In addition to the pattern of motions to dismiss and amended complaints in response, immediately after filing the complaint, Mr. Martinez moved to consolidate the case with *Luleff*. *See Siepel*, 239 F.R.D. at 564.

Next, one of the trusts at issue in the *Martinez* case – the Hanson trust – was the ***very same trust at issue*** in a case Plaintiffs' counsel previously filed in this Court and dismissed. Ms. Griffith is the sole beneficiary for the Daniel P. Hanson trust, and she filed suit, seeking relief for the Hanson trust, in this Court in 2004. *Siepel*, 239 F.R.D. at 562 (discussing *Barnhart v. Bank of America, N.A.* as one of the cases giving rise to forum shopping). Plaintiff Silment in *Martinez* is Ms. Griffith's daughter, and is the remainderman for the Hanson trust, the trust at issue in *Barnhart*. Compare Exhibit G at ¶ 14 (*Martinez v. Bank of America, N.A.* Complaint) *with* Exhibit L at ¶¶ 4, 17(b), (*Barnhart v. Bank of America, N.A.* Complaint). There is no distinction between these parties – Ms. Griffith or Ms. Silment – the claims they have asserted or they relief they are/were seeking for the Hanson trust.[9] Indeed, the *Martinez* Amended

---

9  Plaintiffs and their counsel also repeat the charade they played in *Siepel*. In *Siepel*, the plaintiffs submitted a certification that they purchased the securities in support of lead plaintiff status in connection with their securities claims (*see Siepel v. Bank of America, N.A.*, Docket Entry No. 47). Then, to try to avoid SLUSA, they argued that they had not purchased the securities, the Bank had. *See* Plaintiffs' Opposition to Motion to Dismiss filed in *Siepel v. Bank of America, N.A.* at 10 (Docket Entry No. 81). Similarly, Ms. Griffith, the beneficiary of the Hanson trust, filed a similar certification in support of her lead counsel status to pursue securities claims in yet another lawsuit (a third lawsuit she filed against Bank of America arising out of the investment of the Hanson trust assets in Nations Funds. *See* Exhibit N (Certification filed in *In re Mutual Funds Investment Litigation*, MDL-1856 (D.Md.). There, she stated, under penalty of perjury, that she purchased and owned the shares of Nations Funds held in her trust account. *See id.* And again, in a complete about face, Ms. Griffith's daughter, Ms. Sliment, now alleges in *Martinez* that neither she nor any member of the class, including beneficiaries, purchased
Continued on following page

Complaint is just a scrambled version of the *Barnhart* Complaint  *See* Exhibit M (Chart comparing the allegations in the *Barnhart v. Bank of America, N.A.* Complaint and the *Martinez v. Bank of America, N.A.* Complaints).[10]

Finally, a comparison of all three complaints – the *Martinez* Amended Complaint, the *Barnhart* Complaint and *Siepel* proposed Second Amended Complaint – reveals another tactic of plaintiffs' counsel – reorganize each filing so that the complaints appear to be different. However, when you unscramble and compare the allegations, the language, the common relief, the purported common questions, the causes of action and more – the complaints are very similar. *See* Exhibits J and M (Comparison Charts). Indeed, from quoting the same advertisement in all three complaints, to quoting the same letter from a Bank employee in Missouri, to even quoting – literally putting in quotation marks – the same buzz words (e.g., "bulk-up," "Call Centers," "Private Bank," "digesting" banks, "double dipping" on fees, etc.), to tracking much of the same unique language and using many of the same defined terms (e.g., "customized unique and comprehensive solutions for each individual, integrating world-class investment management, trusts, credit and bank services," "self-dealing," "comparison shopping," "conflicts of interest," "permitted the affected Nations Funds to have substantial asset bases," "Acquired Banks", "substantial and excessive fees and expenses," "reaped millions of

---

Continued from previous page
  the mutual fund shares for the trusts at issue. *See* Exhibit I at ¶6 (*Martinez v. Bank of America, N.A.* Amended Complaint).

10   The tally of complaints and amended complaints is now as follows: *Williams* – 5; *Arnold* – 2; *Kutten I* – 4; *Barnhart* – 2; *Reinke* – 2; *Siepel* – 2 (in addition to a third proposed amended complaint for which leave to file was denied); *Luleff* – 3; *Martinez* – 2; *Stoody* – 1. Plaintiffs' counsel has also asserted the same claims against other banks. *See Segal*, 2008 WL 819290 (granting motion to dismiss amended complaint based upon SLUSA preemption) (appeal pending); *Rabin v. JPMorgan Chase Bank, N.A.*, No. 06-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) (same); *Brooks v. Wachovia Bank, N.A.*, No. 06-0955, 2007 WL 2702949 (E.D. Pa. Sept. 14, 2007) (dismissing amended complaint based upon prior settlement and release) (appeal pending).

dollars," and so on), Plaintiffs' counsel's maneuver of scrambling the complaints to hide their duplicity becomes quite apparent. *See* Exhibit J and M (Comparison Charts).

Plaintiffs' counsel accordingly have made their intent clear. They are going to continue their campaign of forum shopping without regard for the prior proceedings or court rulings involving the same classes and conduct. Defendants accordingly need this Court's assistance to try to bring these costly and burdensome tactics to a stop.

### III. THIS COURT SHOULD EXERCISE ITS AUTHORITY UNDER THE ALL WRITS ACT AND ITS INHERENT POWERS AND ENTER A PRE-FILING INJUNCTION AND DISQUALIFY PLAINTIFFS' COUNSEL TO STOP THESE VEXATIOUS TACTICS

It is well-settled that this Court is vested with broad inherent power to protect the judicial process. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991) (this broad power "reaches both conduct before the court and that beyond the court's confines"); *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 266-67 (8th Cir. 1993). These inherent powers are multi-faceted and the "ability to fashion an appropriate sanction for conduct which abuses the judicial process" rests soundly within this Court's broad authority and discretion. *Chambers*, 501 U.S. at 44. A determination as to whether relief is warranted is given substantial deference because of the district court's familiarity with the case and counsel involved. *Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006).

The Eighth Circuit Court of Appeals has adopted a practical and flexible approach to the exercise of a court's inherent powers as opposed to a bright-line or mechanical test. *See, e.g., Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733, 739 (8th Cir. 2006) (finding that as long as the conduct abuses the judicial process in some manner, a court's inherent power extends to conduct both before and during litigation). In fashioning an appropriate relief for abusive conduct, a court should consider a narrowly tailored solution which admonishes the individuals responsible, remedies the damage caused by the misconduct, and

preserves as far as possible the rights of all parties. *See Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993).

The broad spectrum of remedies available in support of this Court's process ranges from monetary sanctions to dismissal. *Se,e e.g.*, *Illinois v. Allen*, 397 U.S. 337, 346 (1970) (court may bar disruptive party from trial); *Chambers*, 501 U.S. at 43-44 (court has inherent power to punish for contempt and/or control admission to its bar and discipline attorneys before it); *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) (court may invoke dismissal as an important part of the armamentarium that the law makes available to courts); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (court may dismiss *sua sponte* for failure to prosecute); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507-08 (1947) (court may dismiss an action on grounds of *forum non conveniens*); *Mitan v. Int'l Fidelity Ins. Co.*, 23 Fed. Appx. 292, 298 (6th Cir. 2001) (court may dismiss complaint with prejudice given plaintiff's history of forum shopping and abusing legal process); *Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005) (court may remove attorney from plaintiff's steering committee for, *inter alia*, failing to exercise due care regarding the handling of confidential documents); *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985) (court may assess attorneys' fees and costs, may disqualify counsel, and impose monetary sanctions payable to the clerk of court); *John Akridge Co. v. Travelers Cos.*, 944 F. Supp. 33, 34 (D. D.C. 1996) (court awarded full cost of defending action where plaintiffs engaged in blatant forum shopping).

Further, this Court also possesses the power to enjoin the filing of related lawsuits. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185 (1952); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (affirming entry of injunctions); *Mitan*, 23 Fed. Appx. at 297 (affirming order prohibiting plaintiff from introducing further related actions). Indeed, where the general pattern of litigation in a particular case is vexatious, an injunction in anticipation of future attempts to re-litigate old claims is warranted.

*See Ruderer v. United States*, 462 F.2d 897, 889 (8th Cir. 1972), *cert denied*, 409 U.S. 1031 (1972); *Pavilonis v. King*, 626 F.2d 1075 (1st Cir. 1980). Numerous courts have held that injunctions are proper where the litigant's abusive and lengthy history is properly set forth. *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (citations omitted) (courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.").

Finally, under the All Writs Act, 28 U.S.C. § 1651(a), this Court can enforce its own judgments, including the final judgment in *Siepel* denying further amendment, by enjoining repetitive litigation. *Wood*, 705 F.2d at 1524 (citing *Clinton v. United States*, 297 F.2d 899 (9th Cir. 1961)); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1064 (9th Cir. 2007) (affirming entry of order constraining a litigant's scope of actions in future cases).

One facet of this inherent power to enjoin the filing of related lawsuits includes the power to impose pre-filing restrictions in such matters with a history of repetitive or vexatious litigation. *See, e.g., Meredith v. John Deere Plow Co.*, 261 F.2d 121, 124 (8th Cir. 1959); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ruderer*, 462 F.2d at 889; *Marbly v. Wheatley*, 87 Fed. Appx. 535, 536-37 (6th Cir. 2004); *Procup v. Strickland*, 792 F.2d 1069, 1070-71 (11th Cir. 1986); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008); *Molski*, 500 F.3d at 1062-63 (affirming pre-filing order to combat law firm's practice of repetitive litigation and to ensure that the firm's services were used to support valid claims and not as a device to encourage settlement of unwarranted claims).

**A. Defendants are Entitled to Injunctive Relief Because the Abusive Conduct is Continuing.**

Where, as here, past rulings, admonishments and an award of fees, have not abated the conduct of Plaintiffs' counsel, injunctive relief is appropriate. *See Wrenn v. Vanderbilt Univ. Hosp.*, No. 94-5453, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995). Indeed, the history of this

case shows that future attempts to re-litigate are highly likely and plaintiffs' counsel's rate of litigation "has been stimulated rather than slowed by adverse judgments." *See Wood*, 705 F.2d at 1525.

Here, there is ample reason supporting the entry of a pre-filing injunction, including:

- ➢ The Court's prior finding of forum shopping based upon the filing of *seven* actions and dismissal of several of those actions to avoid deadlines and adverse rulings;

- ➢ The filing of *two* more actions (*e.g., Luleff* and *Martinez*) in addition to the *seven* providing the basis for this Court's finding of forum shopping;

- ➢ The existence of *four* court rulings against Defendants and other banks (in which Plaintiffs' counsel was also counsel) that the class claims asserted are preempted under SLUSA;

- ➢ The fact that Defendants have had to respond to more than *20* complaints and amended complaints asserting the same state law class claims on behalf of the same putative class;

- ➢ The fact that Plaintiffs' counsel deliberately scrambled the allegations and played with the language in the complaints to try to disguise the reality that they are filing duplicative claims;

- ➢ The fact that Plaintiffs' counsel called to discuss settlement after the filing of *Martinez* and *Stoody*, confirming their true motives with these filings;

- ➢ The fact that the language in the *Martinez* Amended Complaint tracks much of the language of complaints filed and dismissed; and

> ➤ The fact that the language in the *Martinez* Amended Complaint and the claims track an amended complaint for which Plaintiffs were denied leave to file.

Although an explicit showing of bad faith is not required for sanctions other than attorneys' fees, Plaintiffs and their counsel's continued filings and amendments in the face of this Court's findings provides ample evidence that their intent is to harass and that their conduct constitutes bad faith. *See Green v. Wyrick*, 428 F. Supp. 732, 742-43 (W.D. Mo. 1976) (outlining authority supporting court's entry of injunction); *Willhite v. Collins*, 459 F.3d 866, 869-70 (8th Cir. 2006) (affirming award of attorney's fees where plaintiff filed multiple lawsuits in state and federal court concerning the same issue); *Chinn v. Giant Food, Inc.*, 100 F. Supp. 2d 331, 335 (D. Md. 2000) (court awarded fees and finding of bad faith where plaintiffs unreasonably and vexatiously multiplied the proceedings – by filing a second putative class action to avoid the court-ordered deadlines in the first filed class action involving same members); *Fusco v. Medeiros*, 965 F. Supp. 230, 260-61 (D.R.I. 1996) (sanctions against attorney were warranted where attorney multiplied proceedings through class action allegations, onerous discovery requests, depositions with tangential issues and pointless questions); *Mitan*, 23 Fed. Appx. at 299 (affirming sanction of plaintiff for repeated abuse of judicial process and prohibiting him from introducing further related actions); *Soehngen v. Leal*, No. C 00-0157, 2000 U.S. Dist. LEXIS 1600, at *14 (N.D. Cal. 2000) (filing and dismissal of four actions constituted judge shopping and warranted entry of pre-filing injunction).

Accordingly, Defendants request that the Court enjoin Plaintiffs and their counsel from filing any additional litigation against Defendants or their affiliates in the United States asserting state law class claims arising out of the investment of trust assets in affiliated mutual funds without first seeking leave of this Court. Plaintiffs and their counsel should be required to submit to the Court a proposed complaint for this Court to evaluate whether it is an improper amendment to the complaints filed in *Siepel*.

### B. For Defendants to Receive Complete Relief and Protection, Plaintiffs' Counsel Must be Disqualified.

This Court's inherent powers also include the power to disqualify counsel. *See, e.g., Coffelt v. Shell*, 577 F.2d 30, 32 (8th Cir. 1978); *Baycol Steering Comm.*, 419 F.3d at 802 (affirming removal of plaintiff's counsel from steering committee); *In re Lutheran Brotherhood Variable Ins. Prods. Co. Sales Practices Litig.*, No. 99-MD-1309PAM/JGL, 2002 U.S. Dist. LEXIS 10159, at *13 (D. Minn. May 31, 2002) (Magnuson, J.) (prohibiting attorney, and those with whom he associated, from representing plaintiffs in multi-district litigation for misconduct).

Here, Defendants also seek to disqualify and enjoin Plaintiffs' counsel herein, that is, Attorneys Hamburg and Greenfield, from participating in any further litigation against the Bank asserting claims arising out of the investment of trust assets in affiliated mutual funds. Their conduct of prompting a Missouri resident, Ms. Luleff, to file in New York while pretending that she had filed an independent action to provide a basis for a multi-district litigation proceeding was disingenuous at best and a fraud on the court at worst. There can be little doubt how the trusts at issue in *Martinez*, both Missouri trusts governed by Missouri law, reached Attorney Brower, counsel in *Martinez*. As in *Martinez*, in each case, the parties have other counsel to represent their interests and therefore there is no prejudice to the parties in the continuing litigation.

This conduct needs to end. Defendants believe that it will only end if Plaintiffs' counsel, Attorneys Greenfield and Hamburg, are disqualified from representing any plaintiffs in the pending actions or from associating with any counsel or parties in the pending or future cases.

## IV.   CONCLUSION

Based on the foregoing, Defendants ask this Court to grant their Motion for an Injunction and Other Relief and enter an Order as follows:

(1)   Plaintiffs and their counsel herein are enjoined from filing any additional litigation against Defendants or their affiliates in the United States asserting claims arising out of the investment of trust assets in affiliated mutual funds without first seeking leave of this Court. In seeking leave of court, Plaintiffs and their counsel must provide a copy of the proposed complaint, Plaintiffs and their counsel must verify the facts of the proposed complaint to be filed, and they must explain why the proposed amendment does not constitute further forum shopping or violate the judgment in *Siepel* that further amendments would be unjust;

(2)   Attorney Greenfield and Attorney Hamburg are disqualified and prohibited from participating in any way in further litigation against Defendants asserting claims arising out of the investment of trust assets for which Bank of America, N.A. or a predecessor serves as trustee, in affiliated mutual funds, including but not limited to, appearing as counsel of record in such matters, representing the plaintiffs in *Williams, Kutten I, Kutten II, Stoody, Martinez* or any future actions as counsel, providing information learned from prior litigation against Defendants, and/or consulting in any way with plaintiffs' counsel in those actions or any future actions, without seeking leave of this Court;

(3)   Attorney Greenfield and Attorney Hamburg must provide to Defendants' counsel or Plaintiffs' counsel remaining in these actions all discovery Defendants provided in these actions and in any the other actions referenced in this Court's dismissal decision in *Siepel*, including all documents, discovery responses from Defendants and deposition transcripts of any former or current employee of Defendants. Attorney Greenfield and Attorney Hamburg shall certify to this Court in 30 days that they have not retained the original or copies of any discovery

information provided by Defendants in these cases or the prior cases outlined in this Court's dismissal opinion entered in the *Siepel* action; and

(4) Plaintiffs and their counsel must comply with the protective order entered in the *Kutten I* action in all respects.

Defendants also request that this Court grant such other and further relief as this Court deems appropriate, including an award of reasonable attorney fees that Defendants incurred to bring this motion.

Respectfully submitted:

BRYAN CAVE LLP
By: /s/ Jeffrey S. Russell
Jeffrey S. Russell
Darci Madden
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: 314.259.2000
Facsimile: 314.259.2020

Mary J. Hackett
Sharon L. Rusnak
K. Issac deVyver
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131
Facsimile: 412.288.3063

Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation

Dated: October 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 27th day of October 2008 upon the following counsel of record by the Court's electronic filing system:

Steven M. Hamburg
Holly M. McIntyre
8909 Ladue Road
St. Louis, MO  63124

Richard D. Greenfield
Greenfield & Goodman LLC
780 Third Avenue, 48th Floor
New York, NY 10017

Hector G. Gancedo
Amy Boomhouwer, Esq.
Gancedo & Nieves LLP
144 W. Colorado Boulevard
Pasadena, CA  91105

Gregg M. Fishbein, Esq.
Lockridge Grindal Nauen P.L.L.P.
Suite 2200
100 Washington Avenue South
Minneapolis, MN  55401-2179

/s/ Jeffrey S. Russell
Counsel for Defendants Bank of America, N.A. and Bank of America Corporation